IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Phillip Douglas Jacobs, a/k/a Bismillah,   Case No. 4:16CV2223

    Petitioner

    v.   **ORDER**

Jason Bunting, Warden, et al.,

    Defendants

    This is a state prisoner's habeas case under 28 U.S.C. § 2241.

    Since May 29, 1985, petitioner Phillip Jacobs has been serving a life sentence for murder, aggravated robbery, and felonious assault. He has sought habeas relief from these convictions many times in the past, always without success. *E.g.*, *Jacobs v. Bunting*, 2015 WL 7251675, *1 (N.D. Ohio) (recounting some of Jacobs's past habeas cases).

    In August, 2014, the Ohio Parole Board denied Jacobs parole.

    Jacobs contends the Board's decision violated his constitutional rights.

    Because Jacobs has already filed a habeas petition challenging, as unconstitutional, the 2014 denial of parole, because I denied that petition on the merits, *see Jacobs*, *supra*, 2015 WL 7251675, at *2, and because Jacobs concedes that the factual predicate for his current claim was available when he first challenged the parole denial (Doc. 1 at 6), I lack subject-matter jurisdiction to adjudicate this petition. 28 U.S.C. § 2244(b)(3); *Alley v. Bell*, 392 F.3d 822, 828 (6th Cir. 2004).

Jacobs contends that the present petition is not subject to § 2244(b) because he filed it under § 2241, rather than § 2254. (Doc. 1 at 17–18). That is incorrect, as the Sixth Circuit held in *Rittenbery v. Morgan*, 468 F.3d 331, 336–37 (6th Cir. 2006) ("section 2244(b) applies to any habeas corpus petition seeking relief from custody pursuant to a state court judgment").

Finally, I note that Jacobs complains at great length about prison staff's alleged deliberate indifference to his serious medical needs. But these allegations are not cognizable in habeas corpus.

It is, therefore,

ORDERED THAT the petition for a writ of habeas corpus (Doc. 1) be, and the same hereby is, transferred to the U.S. Court of Appeals for the Sixth Circuit in accordance with *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge