# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Philip Douglas Jacobs,                      Case No. 4:16CV2223

        Petitioner

    v.                                           **ORDER**

Ohio Adult Parole Authority, et al.,

        Respondents

This is a successive petition by a state prisoner for habeas corpus relief. Following a prior order of reference to that court (Doc. 7), the Sixth Circuit denied leave to file the petition. *In re Jacoby*, No. 16-4148 (May 22, 2017).

Pending are petitioner's motions to reopen the case and for reconsideration. (Docs. 10, 13).

Neither has any merit.

The petitioner's principal contention is that the Sixth Circuit denied leave to file a successive petition under 28 U.S.C. § 2254, whereas he seeks to file a habeas petition under 28 U.S.C. § 2241.

That does not matter: as I noted in my order of reference to the Court of Appeals, a petitioner cannot invoke § 2241 to do an end-run around the bar against successive habeas petitions. *Rittenberry v. Morgan*, 468 F.3d 331, 336–37 (6th Cir. 2006) ("section 2244(b) applies to any habeas corpus petition seeking relief from custody pursuant to a state court judgment," including petitions under § 2241).

At the end of the day, then, I still lack subject-matter jurisdiction over the § 2241 petition.

Finally, petitioner needed to file his Rule 60(b)(4) motion within a "reasonable time." Fed. R. Civ. P. 60(b).

But petitioner did not file the motion until nearly six months after the Circuit considered his arguments and denied him leave to file the petition he had to tried to file in this court. Such timing was unreasonable. *Huerta-Rodriguez v. McQuidgin*, 2011 WL 6338845, *2 (E.D. Mich.) ("Petitioner's [Rule 60(b)] motion, filed after the court of appeals had already rejected his arguments by denying a certificate of appealability, was not filed within a reasonable time.").

It is, therefore,

ORDERED THAT the petitioner's motions to reopen (Doc. 10) and for reconsideration (Doc. 13) be, and the same hereby are, denied, with prejudice; pending petition dismissed for lack of subject-matter jurisdiction and case closed.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge